**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSHUA JOHN MARANEY, | ) | |
| | ) | Civil Action No. 2:26-499 |
| Plaintiff, | ) | |
| | ) | District Judge Christy Criswell Wiegand |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| THE COMMONWEALTH OF | ) | Re: ECF No. 6 |
| PENNSYLVANIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

## I.    RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Complaint, ECF No. 6, should be disposed as follows.

All claims which Joshua John Maraney ("Maraney") raises on his own behalf should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous, malicious, and/or for failing to state a claim upon which relief may be granted.  These claims should be dismissed with prejudice, except for Maraney's malicious prosecution claim, which should be dismissed without prejudice to refiling should Maraney obtain a favorable termination of his pending charges.

In the event that Maraney's request for dismissal of his charges is construed as a federal habeas petition, it should be denied, and a certificate of appealability should be denied.

All claims which Maraney raises on behalf of Darius Elijah Wolfe ("Wolfe") should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.  Dismissal should be with

1

prejudice with respect to Maraney, but without prejudice to Wolfe proceeding in his own right at a new cause of action, if he wishes to do so.[1]

## II.    REPORT

### A.    Background Facts

Maraney currently is held at Fayette County Prison in Uniontown, Pennsylvania. Maraney recently has filed at least twenty-six *pro se* civil rights cases in this Court – the latest on May 19, 2026. See Civil Action Nos. 26-339; 26-350; 26-353; 26-354; 26-355; 26-391; 26-392; 26-462; 26-499; 26-574; 26-633; 26-634; 26-635; 26-642; 26-704; 26-807; 26-812; 26-822; 26-827; 26-829; 26-902; 26-904; 26-910; 26-1013; 26-1014; and 26-1015.[2]  Maraney's motion for leave to proceed *in forma pauperis* ("IFP") in the instant matter, ECF No. 1, was granted on May 5, 2026. ECF No. 5.

Maraney's Complaint is remarkably unclear and confusing. As best this Court can discern, Maraney alleges that Defendant Yeckley committed perjury while testifying at Maraney's preliminary hearing on state criminal charges by "enter[ing]" six photographs of Maraney into evidence. ECF No. 6 at 2-3. He claims that he is "under false imprisonment due to [Defendant Yeckley's] act of perjury[.]" Id. at 3.

---

[1] This Court notes that on March 3, 2025, Maraney submitted a prior complaint asserting claims on behalf of Wolfe. Civil Action No. 26-350, ECF No. 1. On May 4, 2025, this Court issued a Report and Recommendation recommending dismissal of that action on similar grounds. Id., ECF No.6.

[2] An Order to Show Cause was issued to Maraney on May 12, 2026, in No. 26-704. In light of his many recent, frivolous lawsuits, Maraney must show good cause why he should not be prohibited from proceeding *in forma pauperis* in this Court, absent a showing of imminent danger of serious physical injury to himself, as set forth in 28 U.S.C. § 1915(g), on or before June 2, 2026. No. 26-704, ECF No. 2.

Maraney's Complaint explicitly alleges that Defendant Yeckley's perjury occurred during his preliminary hearing in Commonwealth v. Maraney, No. MJ-13302-CR-280-2025. Id. at 2.

The state court public docket indicates that Maraney's charges in that matter were held for trial in the Court of Common Pleas of Greene County on February 13, 2026. See Docket No. MJ-13302-CR-280-2025 (available at https://ujsportal.pacourts.us/Report/MdjDocketSheet?docketNumber=MJ-13302-CR-0000280-2025&dnh=rs7YFjhDfNijX%2FKE%2FxxGBw%3D%3D (last visited May 20, 2026)). Maraney's underlying criminal case remains pending in the Court of Common Pleas as of the date of this writing. See Docket, No. CP-30-CR-85-2026 (available at https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-30-CR-0000085-2026&dnh=3NYdM1KZrmuOF0JGKZEnPA%3D%3D (last visited May 20, 2026)).

By way of relief, Maraney seeks money damages, a writ of mandamus directing the state court to dismiss the charges against him, and for Defendant Yeckley to face federal criminal charges.[3] Id. at 3-4.

Additionally, in his exhibits, Maraney also claims that state officials have engaged in conduct that somehow has violated the state constitutional rights of an individual named Darius Elijah Wolfe, a third party facing prosecution on unrelated state charges, who has not signed the Complaint, and who may or may not be aware of its existence. ECF No. 6-2 at 3-4; see also ECF Nos. 6-3 and 6-7. In that exhibit, Maraney asks for dismissal of all charges against Wolfe and himself. Id. at 3-4. Maraney does not allege any personal involvement in the underlying claim

---

[3] The writ of mandamus has been abolished in the district courts. See Fed. R. Civ. P. 81(b). See also 12 Charles Alan Wright and Arthur R. Miller, Fed. Prac. & Proc. Civ. § 3134 (3d ed. Apr., 2026). Accordingly, this Court will presume that Maraney seeks an injunction in the nature of mandamus. Stehney v. Perry, 907 F. Supp. 806, 820 n.2 (D.N.J. 1995), aff'd, 101 F.3d 925 (3d Cir. 1996).

regarding Wolfe, or that he was injured in any way as a result of any Defendant's alleged acts or omissions with respect to the same.

Maraney further submits two photographs as exhibits – presumably those underly the allegations of his Complaint, see ECF No. 6-4, ECF No. 6-5, ECF No. 6-8, and ECF No. 6-9, as well as an Application for Search Warrant and supporting Affidavit of Probable Cause signed by Defendant Yeckley relating to Wolfe.  ECF No. 6-3.  These later documents do not mention Maraney.

**B.    Legal Standard**

28 U.S.C. § 1915 establishes the criteria for allowing an action to proceed IFP.  Section 1915(e) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Thus, a court must dismiss, *sua sponte*, a complaint that lacks arguable merit in fact or law.  Stackhouse v. Crocker, 266 F. App'x 189, 190 (3d Cir. 2008) (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)).

The standard for reviewing a complaint under Section 1915(e)(2)(B) is the same as that for determining a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999); see also Banks v. Mozingo, No. 08-004, 2009 WL 497572, at *6 (W.D. Pa. Feb. 26, 2009).  Under that Rule, dismissal is appropriate if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint."  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

4

A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The United States Court of Appeals for the Third Circuit has held that, when determining whether to dismiss a complaint for failing to state a claim upon which relief can be granted, a district court should apply a two-part test in order to determine whether a pleading's recitation of facts is sufficient. Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Id. at 210-11 (citing Iqbal, 556 U.S. at 678). "Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler, 578 F.3d at 211 (quoting Iqbal, 556 U.S. at 679).

A court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). In a Section 1983 action, a court must liberally construe a *pro se* litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). "'Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.'" Higgins, 293 F.3d at 688 (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)).

That said, it is not proper for a court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." Assoc.'d Gen. Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). A court further need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004).

The Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint – regardless of whether the plaintiff requests to do so – when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

Finally, the Third Circuit has upheld dismissals for frivolity predicated on lack of standing. See Credico v. Unknown Off. for U.S. Drone Strikes, 537 F. App'x 22 (3d Cir. 2013) (per curiam) (dismissing appeal of district court's order dismissing complaint "as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)" because plaintiff lacked standing to pursue a generalized grievance). At least one district court in this circuit has recognized that such dismissals qualify as a strike under 28 U.S.C. § 1915(g). Fluker v. Trans Union, LLC, No. 25-cv-327, 2025 WL 1091624, at *2-3 and n.2 (E.D. Pa. Apr. 7, 2025).

### C.    Legal Analysis

#### 1.    Claims Related to Maraney

In order to state a claim under Section 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed or caused by a person amenable to suit under Section 1983 and acting under

6

color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

> **a.** **Maraney's claims against Defendants Commonwealth of Pennsylvania, Pennsylvania State Police, and Justin Yeckley in his official capacity**

Defendant Commonwealth of Pennsylvania enjoys immunity from Plaintiff's Section 1983 claims for damages under the Eleventh Amendment to the United States Constitution. <u>Quern v. Jordan</u>, 440 U.S. 332, 340-341 (1979). Further, Defendant Pennsylvania State Police and Defendant Yeckley – to the extent that he is sued in his official capacity – share Defendant Commonwealth of Pennsylvania's immunity under the Eleventh Amendment. <u>Atkin v. Johnson,</u> 432 F. App'x 47, 48 (3d Cir. 2011)

Moreover, none of these Defendants is a "person" within the meaning of Section 1983. See <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989) (state and officials sued in official capacity not persons under Section 1983).

Based on the facts that are alleged in the Complaint, amendment of Plaintiff's Section 1983 claims for damages against these Defendants would be futile, and dismissal of the same should be with prejudice. See <u>Fletcher-Harlee Corp.</u>, 482 F.3d at 251.

> **b.** **Maraney's claims against Defendant Justin Yeckley in his personal capacity**

To the extent that Maraney sues Defendant Yeckley in his personal capacity, his claims still fail.

Plaintiff alleges that Defendant Yeckley perjured himself during Maraney's preliminary hearing, and as a result of the same, Maraney is being falsely imprisoned. ECF No. 6 at 2-3.

Simply put, Maraney cannot premise his Section 1983 claim on Defendant Yeckley's alleged act of providing false testimony at the preliminary hearing. It is well established that a

7

witness is absolutely immune from damages under Section 1983 based on his or her testimony in court. Briscoe v. LaHue, 460 U.S. 325, 326 (1983); Williams v. Hepting, 844 F.2d 138, 140-43 (3d. Cir. 1988) (extending the immunity discussed in Briscoe to pretrial proceedings); DeForte v. Blocker, No. 16-113, 2017 WL 1102655, at *7 (W.D. Pa. Mar. 24, 2017) (the plaintiff "cannot premise his § 1983 claim on [state trooper's] alleged act of providing false testimony at the preliminary hearing."); Wilson v. DeMarchis, No. 20-CV-620, 2021 WL 3375421, at *9 (W.D. Pa. July 6, 2021), report and recommendation adopted, 2021 WL 3370787 (W.D. Pa. Aug. 3, 2021). Accordingly, any such claim should be dismissed. As amendment would be futile, it should be dismissed with prejudice.

Next, to the extent that Maraney asserts that he is being falsely imprisoned as a result of Defendant Yeckley's testimony at the preliminary hearing, he is mistaken. That is because a claim for false imprisonment ends when a plaintiff is detained pursuant to legal process. Wallace v. Kato, 549 U.S. 384, 389 (2007) ("[F]alse imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process - when, for example, he is bound over by a magistrate or arraigned on charges.") Because the public docket indicates that Maraney's charges were bound over to the Court of Common Pleas at the conclusion of his preliminary hearing, any false testimony by Defendant Yeckley at that hearing could not support his prior detention, and thus does not support a claim for false imprisonment.

Instead, it appears that Maraney inartfully attempts to raise a malicious prosecution claim, which "permits damages for confinement imposed pursuant to legal process." Piazza v. Lakkis, No. 3:11-cv-2130, 2012 WL 2007112, at *8 (M.D. Pa. June 5, 2012) (internal quotations and citations omitted)).

To state a malicious prosecution claim under Section 1983, a plaintiff must allege that (1) the defendant initiated a criminal proceeding; (2) without probable cause; (3) for a malicious purpose or a purpose other than bringing the plaintiff to justice; and (4) the proceeding ended in plaintiff's favor; (5) causing him to suffer "a deprivation of liberty consistent with the concept of seizure." Pearce v. Forest Hills Police Dep't, No. 2:24-CV-1271, 2025 WL 2822257, at *6 (W.D. Pa. Oct. 3, 2025) (quoting Shelley v. Wilson, 152 F. App'x 126, 128 (3d Cir. 2005)). Here, Maraney fails on the fourth element, because it is clear from the public record that he has not received a favorable termination.[4] Instead, his state criminal charges remain pending. Therefore, his claim for malicious prosecution against Defendant Yeckley should be dismissed, without prejudice to Maraney refiling, should he receive a favorable termination of the underlying charges against him.

### c.    Maraney cannot obtain release through a civil rights lawsuit.

The United States Supreme Court has held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, *his sole federal remedy is a writ of habeas corpus.*" Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (emphasis added); see also Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) (state prisoners may "use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement –

---

[4] The undersigned notes that Maraney's charges were held for trial by a state magisterial district judge. While this is not necessarily conclusive of whether probable cause existed for the charges against him, "an independent determination of probable cause, which was established at the preliminary hearing, constitutes weighty evidence of probable cause." Corliss v. Lynott, No. 3:15-CV-1364, 2016 WL 625071, at *8 n.8 (M.D. Pa. Jan. 5, 2016), report and recommendation adopted, 2016 WL 613837 (M.D. Pa. Feb. 16, 2016), aff'd sub nom. Corliss v. Lynot, 672 F. App'x 184 (3d Cir. 2017).

either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody.").

Here, that is exactly what Maraney is demanding with the dismissal of his pending state charges. Any such claim for relief in the present lawsuit should be dismissed with prejudice to raising again in another civil rights lawsuit.[5]

---

[5] To the extent that the present lawsuit should be construed as a federal habeas petition under 28 U.S.C. § 2241, Maraney's request for relief should be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which has been applied to Section 2241 cases as well. Perez v. Hemingway, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Accord United States v. Recinos-Gallegos, 151 F. Supp. 2d 659 (D. Md. 2001) (dismissing petition construed as Section 2241 pursuant to Rule 4).

This Court has jurisdiction under 28 U.S.C. § 2241(c)(3) to grant habeas relief to a state pretrial detainee who "is in custody in violation of the Constitution or laws or treaties of the United States." Moore v. DeYoung, 515 F.2d 437, 441-42 & n.5 (3d Cir. 1975) (quoting 28 U.S.C. § 2241(c)(3)).

Thus, under this statute, a state criminal defendant has the mechanism in a federal habeas action to challenge the legality of his pretrial confinement by arguing that he should not be in pretrial custody in the first place because, for example: (1) his upcoming trial violates his rights under the Double Jeopardy Clause, see, e.g., United States ex rel. Webb v. Court of Common Pleas, 516 F.2d 1034 (3d Cir. 1975); (2) he is being deprived of his constitutional right to a speedy trial, see, e.g., Braden v. Judicial Cir. Court of Kentucky, 410 U.S. 484, 492-93 (1973); or, (3) the trial court has unconstitutionally denied or revoked bail, see, e.g., Atkins v. Michigan, 644 F.2d 543, 550 (6th Cir. 1981).

"Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pretrial habeas interference by federal courts in the normal functioning of state criminal processes.'" Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting Moore, 515 F.2d at 445-46). Pretrial habeas does not "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." Moore, 515 F.2d at 445. As best as the undersigned can tell, this is exactly what Maraney is attempting to do here, seeking forestall his state prosecution in state court rather than to enforce his right to a trial – a form of relief which is not available in a § 2241 habeas petition. See Moore, 515 F.2d at 445-46.

Further, Maraney also must overcome the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971). "The Younger doctrine . . . reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." Moore v. Sims, 442 U.S. 415, 423 (1979) (citing Samuels v. Mackell, 401 U.S. 66, 69, (1971)). The Supreme Court made clear in Younger that the injuries typically suffered by criminal (continued . . .)

10

2.    **Claims related to Wolfe**

a.    **Maraney lacks standing.**

An action does not constitute a justiciable "case" or "controversy" that this Court may resolve unless the person bringing the action has the proper legal "standing" to do so. Flast v. Cohen, 392 U.S. 83, 95 (1968). In order for a plaintiff to have standing under Article III of the

---

defendants did not rise to the legal definition of "irreparable" in this context, and thus did not justify a federal court's intervention in a state judicial proceeding. Younger, 401 U.S. at 46 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term.").

Younger abstention is appropriate when three requirements are satisfied. Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) (collecting and summarizing authorities to establish a three part test). First, the federal plaintiff must be a party in an ongoing state proceeding of a judicial nature subject to interference by continued federal court action. Second, the state proceeding must implicate important state interests. Third, the federal plaintiff must have an adequate opportunity to raise constitutional challenges in the state court proceedings.

Applying the three-part test to the present matter reveals that abstention under Younger is appropriate. First, Maraney is subject to pending criminal proceedings in Greene County, Pennsylvania, and thus is a party to ongoing state judicial proceedings. Maraney's criminal case was only recently filed in the Court of Common Pleas, and there is no indication of excessive delay on the public docket. Second, the state has a legitimate and important interest in conducting criminal trials, as well as in reviewing state trial court judgments for errors and correcting the same. Accord. Smithson v. Rizzo, No. 14-CV-1866, 2015 WL 1636143, at *14 (M.D. Pa. Apr. 7, 2015). Third, Maraney has an opportunity to raise any constitutional claims through pretrial and post-trial motions in the state trial court, to cross-examine witnesses against him, to call his own witnesses, and to present his own evidence at trial. If convicted, he can raise his constitutional issues on appeal.

Maraney's underlying state criminal proceeding satisfies the three part test for abstention under Younger. Additionally, he has not established the type of immediate, irreparable injury that is required to interfere with a state court criminal proceeding under that case and its progeny. Accordingly, to the extent that Maraney's Complaint may be construed properly as a federal habeas petition seeking relief from pretrial detention, this Court should otherwise deny it. To the extent that a certificate of appealability is required, the same should be denied because jurists of reason would not find the foregoing debatable. See, e.g., Slack v. McDaniel, 529 U.S. 473, 484 (2000).

11

Constitution, he or she must establish that: (1) he or she has suffered an "injury in fact" (i.e., an invasion of a legally protected interest that is both (a) concrete and particularized and (b) actual or imminent, and not merely conjectural or hypothetical); (2) there is a causal relationship between his or her injury and the alleged conduct of the defendant; and (3) it is likely that the injury will be redressed by a decision rendered in his or her favor. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

Here, Maraney attempts to proceed in this case as the plaintiff. But he does not allege having any personal stake in Wolfe's underlying criminal case. Indeed, the undersigned cannot fathom how Maraney could have a personal stake in the criminal prosecution of another inmate. Therefore, Maraney lacks standing to attempt to bring a civil action in this Court asserting Wolfe's rights on his behalf. Cf. Jones v. Vaughn, No. 92-1127, 1993 WL 524806, at *4 (E.D. Pa. Dec. 15, 1993), aff'd, 27 F.3d 557 (3d Cir. 1994) ("An inmate has no standing to assert an access to courts claim unless he can show a personal stake in the outcome or has suffered a legally cognizable injury resulting from the denial of his right to access to the courts.") (citing Darring v. Kincheloe, 783 F.2d 874, 877-78 (9th Cir. 1986)).

Because it is clear that any attempt at amendment would be inequitable or futile, Maraney's claims based on Wolfe's prosecution should be dismissed with prejudice to Maraney. Fletcher-Harlee, 482 F.3d 247, 251 (3d Cir. 2007). Dismissal should be without prejudice to Wolfe raising claims on his own behalf, if he wishes to do so.

12

### b.    Maraney has not established "next friend" status.

Additionally, to the extent that Maraney might be attempting to raise a claim for federal habeas relief on behalf of Wolfe, Maraney has failed to establish that he qualifies as a "next friend" to Wolfe.[6]

A petition for a writ of habeas corpus may, in certain circumstances, be brought by a "next friend" on behalf of another person who is in custody.  28 U.S.C. § 2242.  The "next friend" does not become a party to the habeas corpus action "but simply pursues the cause on behalf of the detained person, who remains the real party in interest."  Whitmore v. Arkansas, 495 U.S. 149, 163 (1990).  "'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another."  Id.  When someone other than the petitioner files a petition, the "next friend" must first demonstrate that he or she has standing to act on the person's behalf:

> First a 'next friend' must provide an adequate explanation–such as inaccessibility, mental incompetence, or other disability–why the real party in interest cannot appear on his own behalf to prosecute the action.  Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf she seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest.

Id. at 163-64 (citations omitted).  "The burden is on the 'next friend' to establish the propriety of his status and thereby justify the jurisdiction of the court."  Id. at 164.

Here, Maraney has failed to establish that he has a significant relationship with Wolfe.  Further, even if the Court were to assume that Maraney did have such a relationship with Wolfe

---

[6] To the extent that it would be proper to treat the Complaint as a federal habeas petition filed on Wolfe's behalf, this Court may *sua sponte* dismiss a facially meritless petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

and sought to act in his best interest, Maraney has not offered any explanation why Wolfe would be incapable of asserting his own legal rights.

Accordingly, because Maraney lacks standing to seek federal habeas relief on behalf of Wolfe, any attempt to do so should be dismissed, without prejudice to Wolfe filing his own federal habeas petition if he wishes to do so.[7]

## III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Complaint, ECF No. 6, should be disposed as follows.

All claims which Maraney raises on his own behalf should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous, malicious, or for failing to state a claim upon which relief may be granted.  These claims should be dismissed with prejudice, except for Maraney's malicious prosecution claim, which should be dismissed without prejudice to refiling should Maraney obtain a favorable termination of his pending charges.

In the event that Maraney's request for dismissal of his charges is construed as a federal habeas petition, it should be denied, and a certificate of appealability should be denied.

All claims which Maraney raises on behalf of Wolfe should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.  Dismissal should be with prejudice with respect to Maraney, but without prejudice to Wolfe proceeding in his own right at a new cause of action, if he wishes to do so.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule

---

[7] To the extent that one is applicable, a certificate of appealability should be denied because jurists of reason would not find it debatable whether Maraney failed to establish next friend standing to bring the Petition on Wolfe's behalf. See, e.g., Slack, 529 U.S. at 484.

14

established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Date: May 20, 2026

Respectfully submitted,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:    The Honorable Christy Criswell Wiegand
       United States District Judge


       Joshua John Maraney
       2026-0432
       Fayette County Prison
       254 McClellandtown Road
       Uniontown, PA 15401