**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSHUA JOHN MARANEY, | ) | |
| | ) | Civil Action No. 2:26-499 |
| Plaintiff, | ) | |
| | ) | District Judge Christy Criswell Wiegand |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| COMMONWEALTH OF PENNSYLVANIA, | ) | Re: ECF No. 13 |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>REPORT AND RECOMMENDATION</u>**

## I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Second Amended Complaint, ECF No. 13, filed by Joshua John Maraney ("Maraney") be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous, malicious, and/or for failing to state a claim upon which relief may be granted. Dismissal should not affect Maraney's malicious prosecution claim raised in his initial Complaint, which already has been dismissed without prejudice, and which Maraney did not reassert in his Second Amended Complaint.

## II. REPORT

Maraney currently is detained at the Greene County Jail in Waynesburg, Pennsylvania. Maraney is a recent and prolific filer of frivolous lawsuits in this Court, and has been banned from proceeding *in forma pauperis* in future cases unless he can show imminent danger of serious physical injury to himself. <u>See</u> Civil Action No. 26-704, ECF Nos. 5 and 7.

On May 20, 2026, the undersigned issued an initial Report and Recommendation in the instant case recommending that all claims raised in the initial Complaint, ECF No. 6, be dismissed as follows:

1. All claims raised by Maraney on his own behalf be dismissed with prejudice, except for Maraney's malicious prosecution claim, which should be dismissed without prejudice to refiling should Maraney obtain a favorable termination of his pending charges.
2. All claims which Maraney raises on behalf of Darius Elijah Wolfe ("Wolfe") should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. Dismissal should be with prejudice with respect to Maraney, but without prejudice to Wolfe proceeding in his own right at a new cause of action, if he wishes to do so

ECF No. 8 at 1. The initial Report and Recommendation is incorporated by reference herein.

Maraney filed Objections on June 8, 2026, in which, *inter alia*, he denied that Wolfe was mentioned in the initial Complaint. ECF No. 10 at 2. But see ECF No. 6-2 at 3-4, and ECF No. 6-3 at 1-2.

On June 15, 2026, District Judge Wiegand issued an Order adopting the initial Report and Recommendation in part, and rejecting it in part. ECF No. 11 at 1.

Specifically, with respect to the recommendation at Point 1 above, Judge Wiegand adopted the recommendation that Maraney's claims on his own behalf be dismissed with prejudice, except for the malicious prosecution claim on his own behalf, which was dismissed without prejudice and with leave to amend. Id. at 2.

As to Point 2, Judge Wiegand rejected dismissal with prejudice of claims raised for the benefit of Wolfe. Id. at 2-3 (quoting Ellison v. Am. Bd. of Orthopeadic Surgery, 11 F.4th 200, 209 (3d Cir. 2021) ("Because the absence of standing leaves the court without subject matter jurisdiction to reach a decision on the merits, dismissals 'with prejudice' for lack of standing are generally improper.")). That said, she denied leave to amend any claim in which Maraney sought relief "on behalf of another person[,]" or any claim in which Maraney sought to bring criminal charges against any Defendant. Id. at 3. But Maraney was granted leave to amend "as to the remainder of the claims brought in the Complaint." Id.

Maraney submitted an Amended Complaint on June 22, 2026, ECF No. 12, and his operative Second Amended Complaint on June 29, 2026, ECF No. 13. In the Second Amended Complaint, he seeks the initiation of federal criminal charges against Defendant Yeckley based on his involvement in state criminal proceedings at Docket No. MJ-13302-CR-280-2025. Id. at 2-4.

The Second Amended Complaint lacks detailed allegations of fact; however, a review of public state court records reveals that this proceeding indeed involves Maraney. See Docket, Com. v. Maraney, No. MJ-13302-CR-280-2025, (available at https://ujsportal.pacourts.us/Report/MdjDocketSheet?docketNumber=MJ-13302-CR-0000280-2025&dnh=rs7YFjhDfNijX%2FKE%2FxxGBw%3D%3D (last visited Oct. 5, 2026)). This is the only claim raised in the Second Amended Complaint.

Maraney's Second Amended Complaint fails to state a claim. As Maraney is well-aware from the resolution of similar claims in his other cases, only the United States Attorney may file criminal charges in federal court. See, e.g., United States v. Panza, 381 F. Supp. 1133, 1133-34 (W.D. Pa. 1974). Further, any additional leave to amend would be futile. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (a plaintiff should be given opportunity to amend a deficient civil rights complaint unless doing so would be inequitable or futile).

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Second Amended Complaint, ECF No. 13, be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous, malicious, and/or for failing to state a claim upon which relief may be granted. Dismissal should not affect Maraney's malicious prosecution claim raised in his initial Complaint,

which already has been dismissed without prejudice, and which Maraney did not reassert in his Second Amended Complaint.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Date: October 5, 2026

Respectfully submitted,

Maureen P. Kelly

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Christy Criswell Wiegand
United States District Judge

Joshua John Maraney
1122255
Greene County Jail
855 Rolling Meadows Road
Waynesburg, PA 15370